Lawrence O. Weston v. Commissioner.
Weston v. Commissioner
Docket No. 266-64.
United States Tax Court
T.C. Memo 1965-264; 1965 Tax Ct. Memo LEXIS 66; 24 T.C.M. (CCH) 1439; T.C.M. (RIA) 65264; October 4, 1965
*66 Held: Petitioner is not entitled to deduct as losses on his individual income tax returns for 1959, 1960 and 1961, a proportionate part of the losses sustained by a business, included as an asset in a trust of which he was trustee and a substantial beneficiary. Anthony E. Spitaleri, for the petitioner. Lawrence A. Wright, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income tax of the petitioner for the years 1959, 1960 and 1961, in the amounts of $587.35, $345.87, and $896.63, respectively. The only issue presented is whether the petitioner, Lawrence O. Weston, beneficiary under the Leroy A. Weston Trust, is entitled to deduct in the taxable years 1959, 1960 and 1961, losses in the amounts of $3,479.47, $10,710.92, and *67 $5,976.77, respectively, as representing his proportionate share of losses incurred by the trust. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Lawrence O. Weston is a resident of Adams, Massachusetts, and filed his individual Federal income tax returns for the years 1959, 1960 and 1961, including an amended return for 1960, with the district director of internal revenue at Boston, Mass. Leroy A. Weston died testate on November 13, 1937, survived by his wife, Mary O. Weston, and two sons, Lawrence O. Weston, petitioner herein, and William Donald Weston. Under the will of Leroy A. Weston, all the residue of his estate remaining after payment of his debts, funeral expenses and certain minor specific bequests, was left to his son Lawrence O. Weston in trust. The fifth and sixth paragraphs of the will provided as follows: Fifth: (a) All the rest, residue and remainder of my estate, real and personal, whether now possessed or hereafter to be acquired, I give, devise and bequeath unto my son, Lawrence O. Weston, in trust nevertheless, for the following uses and purposes: After my estate has been settled, *68 the net assets thereof, including my plumbing business located at North Adams, Massachusetts, and my gasket and form business located in Adams, Massachusetts, shall be held by my trustee. One-third thereof shall be deemed vested in my said wife and the final distribution thereof shall be in accordance with her will or the intestate laws of the commonwealth. The distribution of the balance shall be as hereinbelow set forth. (b) Said plumbing business and gasket and form business which have been in existence for many years I wish continued under the management of said trustee. The latter shall have full power to carry on said business in the same general way that it has been carried on heretofore. He is hereby granted full power and authority to enlarge either of said business establishments if in his judgment he deems it wise to do so, and he may pledge or mortgage the trust estate or any part thereof in order to raise moneys which from time to time may be required to successfully carry on the business. (c) While the business is continued and this trust remains in existence, my trustee shall receive just and reasonable compensation for services performed in carrying on the same. *69 At the end of each year my trustee shall render an accounting and at such times, if the condition of the business warrants it, such dividend as he shall decide shall be paid in the following proportions: One-third of the surplus to be divided shall be paid to my said wife for her own use forever; the balance shall be divided between my son Lawrence and my son William Donald in the following proportions: Of each four hundred twenty-five ( $425) dollars to be divided, Lawrence shall receive three hundred twenty-five ( $325) dollars and shall retain in separate account as trustee for said son William Donald the sum of one hundred ( $100) dollars to be invested and expended as hereinbelow provided. (d) This trust for the operation of my said business establishments shall be continued for ten years from my decease, if said son Lawrence shall live that long; it may be continued longer if all the beneficiaries so agree. It shall be terminated in any event upon the death of said Lawrence. (e) Upon termination (for whatever reason) the trust fund hereby established shall be divided as follows: 1. To my wife, her legatee or legatees, heir-at-law or heirs-at-law, one-third of said trust *70 fund. 2. If both sons are living at the time of the termination of this trust, the balance of the trust fund shall be divided between my sons on the above stated basis, that is, three hundred twenty-five ( $325) dollars to said Lawrence to each one hundred ( $100) dollars set apart and held by said Lawrence for the benefit of said William Donald. 3. If said William Donald has decreased leaving no widow or issue, his share shall be divided equally between my said wife and Lawrence. 4. If Lawrence is deceased leaving no widow or issue, his share shall be divided equally between my wife and William Donald. 5. If William Donald has deceased leaving a wife, said William Donald's share shall go to her. If he shall leave a wife and/or issue, William Donald's share, that is, on the basis of one hundred ( $100) dollars to each three hundred twenty-five ( $325) dollars which Lawrence shall receive, shall be held by said Lawrence as trustee for William Donald's family and expended in accordance with the terms and conditions hereinbelow set forth. 6. If Lawrence is deceased leaving a wife, one-half of the share he would have received, that is, on the three hundred twenty-five-one hundred *71 dollars basis, shall go to his wife. The balance shall be equally divided between my wife and William Donald. If Lawrence should decease leaving a wife and/or issue, two-thirds of the share he would have received if living shall belong to his wife and/or issue and the balance of the trust fund he would have received if living shall be divided equally between my wife and said William Donald. 7. If both sons have deceased, leaving neither widows nor issue, at the time of the expiration of this trust, the entire trust estate shall go to my said wife for her own use forever. (f) The income from above trust fund which shall accrue to my said son William Donald and/or the share to which he or his family shall become entitled by a sale of either of my business establishments shall be held by my said son Lawrence as trustee, nevertheless, for the following uses and purposes: Said fund and any additions thereto shall be safely invested and the interest and whatever portion of the principal which in the discretion of my said son Lawrence is necessary for the support and maintenance of said son William Donald and/or his family shall be used for that purpose. Said trustee shall have full power *72 to pay over to said William Donald the whole or any part of this trust estate at any time he shall so choose, but the time and amount of payment shall be in his absolute discretion. If William Donald should decease leaving a wife but no issue, the balance of this trust fund shall be paid immediately to said wife. If said son William Donald should decease leaving wife and issue, this trust fund shall be used for the family's benefit and the balance, if any, shall be paid over to said family in accordance with the distribution laws of the Commonwealth when William Donald's child or the youngest of his children reaches his or her majority. Notwithstanding anything herein contained, it is my intention that the trust hereby established for the benefit of William Donald and/or his family shall not be continued beyond the death of said son Lawrence, and therefore, at his death, the trust hereby established shall be deemed terminated and the trust fund shall be distributed in accordance with the terms of this will or the laws of the Commonwealth. (g) I grant to my said trustee full power and authority to sell either business establishment whenever he shall decide it is expedient so to *73 do, but if he contemplates such sale while my said wife and son William Donald are living, the written approval of either shall first be obtained. In case of sale of either business the proceeds thereof shall be divided upon the basis above set forth in Clause Five of this will. Sixth: I nominate and appoint my said son Lawrence O. Weston to be the executor and trustee of this will. Petitioner's mother, Mary O. Weston, died testate in 1948. The first paragraph of her will provided as follows: FIRST: I give and devise to my son, Lawrence O. Weston, of Adams, aforesaid, my real estate located at and known as 3-5 Melrose Street in Adams aforesaid. I also give and bequeath to him all household furnishings therein contained and my interest in the trust established by the will of my late husband, Leroy A. Weston, of which said Lawrence O. Weston is trustee. The assets in the testamentary trust establsh The assets in the testamentary trust established by the will of Leroy A. Weston included savings bank deposits, securities and real estate, the amounts and value of which are not shown in the record. No formal distribution of the corpus of the trust, which presently includes savings *74 bank deposits, securities and real estate, has ever been made. U.S. Fiduciary Income Tax Returns (Form 1041) were filed for the Leroy A. Weston Trust for each of the years 1959, 1960 and 1961. Although described therein as "Executor," the parties have stipulated that such returns were filed by petitioner as trustee. Each of these returns reports income from dividends, interest and rents as well as net losses from the operation of the plumbing and manufacturing business of the trust. The amounts of the losses reported by the business in the Form 1041 returns for 1959, 1960 and 1961 are not in dispute. In each of his individual Federal income tax returns for the years 1959, 1960 and 1961, petitioner deducted losses incurred by the business, in proportion to his beneficiary interest in the trust. Petitioner and his brother shared in the business profits at a fixed ratio as set by the will of Leroy A. Weston. From 1937 through the taxable years involved herein, petitioner reported in his individual Federal income tax returns his distributable share of the profits from the business as reflected, on the fiduciary returns. During the taxable years involved, petitioner received wages *75 from the business which were reported on his individual Federal income tax returns. During the taxable years involved petitioner, as trustee, transferred funds from savings accounts to the business in the total amounts of $1,000 in 1959, $7,500 in 1960, and $5,200 in 1961. All of the amounts transferred in 1959 and 1960 represented trust assets carried in Account No. 24838 in the name of "L. A. Weston Special." Of the $5,200 transferred in 1961, $2,700 was from Account No. 24838, and $2,500 was from Account No. 44011 in the name of "Lawrence O. or W. D. Weston." Petitioner discontinued the operation of the plumbing and manufacturing business of the trust in 1962. No distribution of the business had been made by the trust either prior to or during the taxable years involved herein. The trust was never terminated. It is still in existence and still holds valuable assets as indicated above. Opinion The only issue presented herein is whether petitioner is entitled to deduct as losses on his individual income tax returns for 1959, 1960 and 1961, a proportionate part of the losses sustained by a business, included as an asset in a trust of which he was trustee and a substantial *76 (approximately 85%) beneficiary. It would be useless and wholly unnecessary for us to discuss each of the numerous conclusions and principles referred to on "brief" by the petitioner since they are for the most part irrelevant and immaterial to the issue presented and are not related to or applicable to the facts presented herein. The principal contention made by petitioner appears to be that the trust had terminated in 1947, at the end of the ten year term mentioned in the will, or not later than 1948 upon the death of his mother, and that after such termination the plumbing and manufacturing business was operated by him individually or in partnership with his brother. The short answer to petitioner's contentions is that the trust was not terminated either under the terms of the will, by operation of law or in fact. The will provided that the trust should continue for ten years, "if said son Lawrence shall live that long; it may be continued longer if all the beneficiaries so agree." Petitioner, upon whom the burden rests, has not shown any lack of agreement upon the part of all the beneficiaries, including his mother and brother, to the continuance of the trust. That it was *77 continued beyond the ten year period is evident from the fact that there was never any distribution of any of the trust assets, that the petitioner continued to operate the business of the trust until 1962, and that he filed fiduciary income tax returns for the trust each year, including the taxable years, wherein he reported the receipt by the trust of income from dividends, interest, rents and royalties, as well as profits or losses from the operation of the business. It is clear that the trust did not terminate in 1947 under the terms of the will. The will contained no provision for termination of the trust upon the death of the mother, but only upon the death of petitioner. The mother was given a one-third interest in the income of the trust and was entitled to receive one-third of the assets of the trust upon termination prior to her death, with power to dispose of her interest by will, which she did. It is clear that the trust did not terminate in 1948 by reason of the mother's death. Whether or not the trust was terminated by operation of law is to be determined by the state law. (C.A. 3, 1958), affirming *78 (E.D. Pa., 1957). We do not think it was so terminated. Title to the assets vested in petitioner as trustee under the terms of the testator-trustor's will. Scott, The Law of Trusts, sections 88, 88.1 (2d Ed., 1956); . Once vested title to the assets remained in the trustee until distributed or conveyed to the beneficiaries as directed by the will, ; . The will specifically included the plumbing and gasket manufacturing business in the assets of the trust and expressed the desire that the trustee continue the operation of the business, which he did until 1962. There has never been any distribution of these or any of the other assets of the trust to the beneficiaries. Accordingly the trust was not terminated by operation of law. Nor has the trust been terminated in fact. Petitioner himself admitted at the trial herein that the trust is still in existence and still holds valuable securities. Since the plumbing and gasket manufacturing business was specifically placed in the trust, we find no support *79 for petitioner's contention that the business was operated by him as an individual or in partnership with his brother. "A trust is a juristic person separate from its beneficiaries." . We hold that the losses incurred in each of the taxable years 1959, 1960 and 1961 in the operation of the plumbing and gasket manufacturing business are losses of an existing Massachusetts trust and are not deductible by petitioner individually in proportion to his interest as a beneficiary of the trust. Respondent's determination is sustained. Cf. Decision will be entered for the respondent.